UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

TREVOR VELU, on behalf of himself : 06 CV 6531 (JWS)
and others similarly situated, :
: Civil Action
         Plaintiff, :
:
vs. :
:
VELOCITY EXPRESS, INC., : **ANSWER, AFFIRMATIVE DEFENSES**
: **AND JURY DEMAND**
         Defendant. :
_____:

    Defendant VELOCITY EXPRESS, INC. ("Defendant"), by way of answer to the Complaint of plaintiff, hereby states as follows:

    1.    Defendant admits that plaintiff worked as an independent contractor transporting packages for defendant, but denies the balance of the allegations in paragraph 1.

    2.    Defendant denies the allegations contained in paragraph 2a-d.

    3.    Defendant denies the allegations contained in paragraph 3a-e.

    4.    Defendant admits the allegations contained in paragraph 4 except the allegation that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1337, which allegation defendant denies.

    5.    Defendant admits the allegations contained in paragraph 5.

    6.    Defendant has insufficient information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 6 and, accordingly, leaves the plaintiff to his proofs.

    7.    Defendant admits the allegations contained in paragraph 7.

    8.    Defendant admits the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant admits that plaintiff was paid based on a percentage of the revenue derived from deliveries and pick-ups he made, but denies the balance of the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

## AS FOR FIRST CLAIM FOR RELIEF

18. Defendant repeats the answers to the allegations contained in paragraphs 1 through 17 as if set forth at length herein.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

AS FOR SECOND CLAIM FOR RELIEF

26. Defendant repeats the answers to the allegations contained in paragraphs 1 through 25 as if set forth at length herein.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant has insufficient information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 28 and, accordingly, leaves the plaintiff to his proofs.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

AS FOR THIRD CLAIM FOR RELIEF

36. Defendant repeats the answers to the allegations contained in paragraphs 1 through 35 as if set forth at length herein.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

## AS FOR FOURTH CLAIM FOR RELIEF

43. Defendant repeats the answers to the allegations contained in paragraphs 1 through 42 as if set forth at length herein.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

## AS FOR THE FIFTH CLAIM FOR RELIEF

48. Defendant repeats the answers to the allegations contained in paragraphs 1 through 47 as if set forth at length herein.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

## AS FOR THE SIXTH CLAIM FOR RELIEF

53. Defendant repeats the answers to the allegations contained in paragraphs 1 through 52 as if set forth at length herein.

54. Defendant has insufficient information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 54 and, accordingly, leaves the plaintiff to his proofs.

55. Defendant denies the allegations contained in paragraph 55

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff signed an agreement acknowledging he was an independent contractor, which agreement bars the allegations in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for overtime payments are barred pursuant to the provisions of 29 U.S.C. §213 and 12 NYCRR §142-2.2.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claimed are barred because the Complaint fails to state a cause of action for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' FLSA claims are barred by 29 U.S.C. §259.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's FLSA claims for damages and/or liquidated damages are barred by defendant's good faith, pursuant to 29 U.S.C. §260.

**WHEREFORE** defendant Velocity Express, Inc. demands judgment against plaintiff Trevor Velu: (a) dismissing the Complaint with prejudice in its entirety; (b) for costs of suit; and (c) such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Velocity Express, Inc. demands a trial by jury on all issues so triable.

Dated:  New York, New York
         February 9, 2007

                                              By:     /s/ Richard M. DeAgazio
                                                       Richard M. DeAgazio (RD-6507)
                                                       BUDD LARNER, P.C.
                                                       Attorneys for Defendant
                                                       Velocity Express, Inc.
                                                       11 Penn Plaza, 5th Floor
                                                       New York, New York 10001
                                                       (212) 946-2798