**BUDD LARNER**
A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com

December 3, 2007

**By Electronic Filing and Federal Express**

Hon. William D. Wall, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, NY 11722-9014

Re:  Trevor Velu v. Velocity Express, Inc. CV-06-6531 (JWS)

Dear Judge Wall:

This firm represents Velocity Express, Inc. ("VEI"), defendant in the above-referenced matter. A conference before the Court has been scheduled in this matter for 11:00 a.m. on Friday, December 7, 2008. In conjunction with that conference, and in accordance with Local Civil Rule 37.3(c) and with section 3(A)(i) of your Individual Motion Practices, please accept this letter as notice of several disputes that are impeding the progress of discovery. Despite my own extensive, good faith efforts, including contact by telephone, to resolve a very minor issue with plaintiff's attorney, it has become necessary to burden the Court with this application seeking a judicial resolution.

On this application, VEI respectfully requests entry of (1) a Protective Order and (2) an Order compelling plaintiff to provide deposition testimony on December 19, 2007. By granting the relief requested, all discovery in this matter may be concluded by January 15, 2008, as provided by the Case Management Order entered by the Court.

(1) VEI is entitled to a Protective Order to Prevent Disclosure of Confidential Documents

Pursuant to paragraph 17 of the Independent Contractor Agreement for Transportation Services (the "ICA") which governs the business relationship between plaintiff and VEI (Exhibit A), plaintiff agreed to protect VEI's confidential and proprietary information from disclosure during the term of the agreement and for a period of one-year thereafter. Plaintiff continues in the business relationship governed by the ICA. See, Complaint ¶ 1. Therefore, plaintiff remains obligated to comply with the terms set forth in paragraph 17 of the ICA. Plaintiff further agreed that VEI's confidential and proprietary information includes, but is not limited to, "methods and systems; the names and addresses of its customers and suppliers, technology used; prices charged and paid and

other information . . ." Exhibit A, ¶ 17. Inasmuch as VEI may use such confidential information in its defense against plaintiff's claims, VEI sought agreement to a proposed Stipulation and Protective Order (Exhibit B), pursuant to which VEI could designate such documents as confidential and protect against their disclosure or use outside of the present law suit. However, plaintiff's attorneys have, by email, by letter, and by telephone, repeatedly refused to agree to the Stipulation and Protective Order. Exhibit C.

I have appealed to plaintiff's lawyers on numerous occasions seeking their consent to the Stipulation and Protective Order. In my most recent telephone conference with Mr. La Reddola, I even explained that the order would merely provide a mechanism for producing documents that we wish to designate as confidential, and would also include a means for plaintiff to object to any such designation after reviewing the documents. I further assured Mr. La Reddola that the burden of proof would rest with VEI in the event that plaintiff interposed an objection and it becomes necessary to seek a judicial resolution. Nevertheless, Mr. La Reddola has failed to respond with any substantive concerns. Although I have repeatedly explained that the documents contain customer names, addresses, routes, and pricing information, Mr. La Reddola continues to take the position that I have not described the contents of the documents. At this point, it is clear that all possible means of resolving this issue have been exhausted, and judicial intervention is now unavoidable.

Rule 26(c) provides that the Court may enter a protective order providing that commercial information not be revealed or be revealed only in a designated way. Plaintiff is bound by the ICA to his agreement that certain specified types of information, obtained through his business relationship with VEI, is confidential, including but not limited to customer names, information and pricing information. Exhibit A, ¶ 17. VEI has proposed and attempted to reach agreement on a Stipulation and Protective Order that would protect this confidential information from disclosure and use outside of this litigation. Absent plaintiff's consent, VEI respectfully requests that the Court enter a protective order in the form contained in Exhibit B. Fed.R.Civ.P. 26(c).

(2) Plaintiff should be compelled to Provide Deposition Testimony:

Plaintiff refuses to appear for his deposition on grounds that VEI has sought and plaintiff has refused agreement to a proposed Stipulation and Protective Order to prevent disclosure of VEI's confidential and proprietary documents outside of this litigation. However, plaintiff's refusal to comply with a properly served deposition notice is improper, and VEI respectfully requests that the Court compel plaintiff to provide deposition testimony.

The facts in this dispute are established by documents attached as Exhibits D through G. By amended notice placed for service on November 1, 2007 (Exhibit D), VEI requested that plaintiff provide deposition testimony on November 9, 2007. By communication dated November 5, 2007 (Exhibit E), plaintiff's lawyer, Robert J. La

**BUDD LARNER**
A PROFESSIONAL CORPORATION

Reddola, Esq., indicated that his client is available to provide deposition testimony on December 19, 2007. By letter dated November 6, 2007 (Exhibit F), VEI agreed to conduct plaintiff's deposition on December 19, 2007. Then, by letter dated November 8, 2007 (Exhibit G), Mr. La Reddola indicated that he "will not present [his] client for an oral deposition" until VEI produces confidential and proprietary documents without entry of a protective order.

Mr. La Reddola's refusal is not permitted by the Federal Rules of Civil Procedure, Rule 26(d), which provides that "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery." Indeed, Mr. La Reddola "may not unilaterally refuse to produce his client until certain conditions are met." Keller v. Edwards, 206 F.R.D. 412, 416 (D.Md. 2002)(compelling party to comply with deposition notice). Moreover, the "magnitude of the possible sanctions that could be imposed by refusing to produce a client served with a proper notice of deposition, without first having filed a motion for a protective order, make it unwise for an attorney to threaten not to allow the deposition to proceed until after other discovery has occurred." Id. Accordingly, VEI respectfully requests entry of an order compelling plaintiff to provide deposition testimony on December 19, 2007.

Under the Case Management Order, all discovery must be completed by January 15, 2008. Entry of a protective order will not delay discovery, as all confidential documents are ready for immediate production. In addition, ordering plaintiff to provide deposition testimony on December 19, 2007 will also facilitate a timely conclusion of all discovery. Accordingly, VEI respectfully requests that the Court grant its application for a protective order, and that the Court enter an order compelling plaintiff to appear for his deposition and granting such other relief to which VEI may justly be entitled.

BUDD LARNER, PC

By: /s/ J. Brooke Hern
    J. Brooke Hern, Esq. (JH-2843)
    Averim Stavisky, Esq. (AS-5238)

140 Broadway, 46th Floor
New York, New York 10005
212.858.7700

ATTORNEYS FOR DEFENDANT

cc: Robert J. La Reddola, Esq. (by Electronic Filing)