# EXHIBIT A

10.   Contractor's Indemnity of VEXL - To the fullest extent permitted by law, the Contractor shall be liable for all damage or injury of any nature whatsoever to all persons, firms, companies, corporations or other entities, and to all property of any kind arising out of any service performed or provided by it hereunder or occurring in connection therewith and the Contractor agrees to defend, indemnify and save and hold harmless VEXL, its officers, directors, affiliates, agent, servants and employees from all claims, costs, loss and expense (including attorney's fees) in connection therewith.  The foregoing indemnity shall not apply if the loss in question is caused solely by the negligence of VEXL.  Contractor further acknowledges and accepts that there are inherent foreseeable risks in performing the transportation services that are the subject of this Agreement, including but not limited to risk of property damage and bodily injury. Contractor voluntarily assumes such risks.

11.   Contractor's Liability for Items.  VEXL shall procure and maintain throughout the term hereof Motor Truck Cargo and/or Financial Cargo Liability insurance covering loss or damage to the Items which are in or subject to the care, custody and control of the Contractor.  Items of others picked up by the Contractor shall be deemed to be in the care, custody and control of the Contractor until the same shall have been delivered to, and accepted by, the designated consignee, recipient, or its authorized agent.  The Contractor, however, shall be liable to VEXL to the extent such loss or damage to Items shipped under this Agreement are not covered by the insurance and/or for VEXL's deductible to the extent of $5,000.00 for Motor Truck Cargo losses and $10,000.00 for Financial Cargo and Pharmaceutical Cargo losses.  Contractor agrees and authorizes VEXL to deduct from its settlement checks all losses or damages arising under this Section.

12.   Uniforms.  The Contractor shall furnish and maintain, at his own cost and expense, uniforms in accordance with the applicable VEXL division policy on uniforms.  Contractor shall wear the appropriate uniform at all times while performing services under this Agreement. Contractor may not use VEXL's logos or uniforms other than for the purposes of providing services under this Agreement.

13.   Equipment.  The Contractor shall furnish and maintain, at its own cost and expense, shipment handling equipment, radios, cellular telephones, beepers, PalmPilots/scanners, and any other type of equipment as required by VEXL to communicate with VEXL and/or its customers and to handle and track shipments according to VEXL's and its customers' package tracking requirements.  Contractor may lease any such equipment from VEXL under such terms and conditions as it shall set forth under the provisions of an Equipment Lease Agreement separate and apart from this Agreement, which will be attached hereto as Addendum D.

14.   Licenses, Permits and Registrations.  The Contractor shall obtain and maintain at the Contractor's expense all licenses, permits and registrations as may be required to perform the services that may be required of the Contractor under this Agreement.

15.   Contractor's Standard of Performance.  The Contractor shall, at all times, use its best efforts, ability, experience and talents in the performance of any courier and delivery services hereunder and shall do nothing nor cause anything to be done in the performance of such services which shall unfavorably reflect upon the reputation or business practices of VEXL or its customers.  All of Contractor's vehicle(s) bearing VEXL's signage, logo/mark, or being used to provide services under this Agreement shall be kept in a clean, neat and orderly manner to maintain VEXL's positive public image.  Contractor shall at all times comply with all applicable laws and safety practices in the course of performing under this Agreement.

16.   Substance Abuse and Drivers Qualifications Policies.  Contractor agrees that all Service Employees, including but not limited to Contractor, any substitute drivers, and any person having access to customer shipments or facilities will comply with VEXL's Substance Abuse Policy and Drivers Qualification Policy, referenced hereto in Addendum E, and all like customer qualification requirements.

17.   Confidential Information/Non-Solicitation.  In consideration of the parties' desire to execute this Agreement, and VEXL's agreement to provide the Contractor with confidential proprietary information acquired or to be acquired or developed by and belonging to or relating to VEXL or customers of Velocity Express, Inc. or any of its wholly owned subsidiaries ("VEI") including, but not limited to, methods and systems; the names and addresses of its customers and suppliers; technology used; prices charged and paid and other information, data, and documents now existing or previously developed or acquired by VEXL or VEI customers, and Contractor's recognition that  the secrecy of the confidential information gives VEXL or VEI customers a significant advantage in developing, marketing and sale of its trade and business, Contractor agrees that:

(a)   It will not directly cause, permit or aid in the disclosure to or use by any person, corporation, or entity of any confidential information, at any time, for whatever reasons, except as required by law with prior written consent by VEXL;

(b)   That during the term of this Agreement and for a period of one (1) year thereafter, Contractor shall not either directly or indirectly either for itself or for any other person, firm, company or corporation, solicit, divert, take away, or provide delivery services to or for, or attempt to solicit, divert or take away any of the customers of VEI upon whom it provided delivery services to or for, or became acquainted with during the time in which it was providing services as a contractor on behalf of VEXL;

(c)   In the event of a breach or threatened breach by Contractor of any of the provisions of this Paragraph, VEXL shall be entitled to an injunction restraining Contractor from disclosing or using any such information, rendering any such service, or interfering with relationships between VEXL and VEI customers or employees in violation of the provisions hereof.  Nothing herein, however, shall be construed as prohibiting VEXL from pursuing any other remedies available to it for such breach or threatened breach including, but not limited to, recovery of damages, costs and attorneys' fees.

18.   Termination of Agreement.

(a)   Contractor shall have the right at any time during the term hereof to terminate this Agreement by giving VEXL seven (7) days written notice to such effect.  VEXL shall have the right, at any time prior to the termination of the term hereof, to immediately terminate this Agreement with or without cause.  Cause shall include but not be limited to any of the following events; (i) the Contractor shall fail to carry and keep in full force and effect, or be denied insurance coverage under INSEL, the policies of insurance required pursuant to Paragraph 8(a) and Paragraph 9 hereof; (ii) the Contractor fails to perform in accordance with the standard set forth in Paragraph 15; (iii) the Contractor fails to perform to a customer's satisfaction; (iv) the Contractor in any other manner fails to perform as required pursuant to the terms of this Agreement; and, (v) VEXL does not have sufficient business to engage Contractor's services under this Agreement.

Independent Contractor:_____(initials)

EXHIBIT B

J. Brooke Hern (JBH2843)
**BUDD LARNER PC**
140 Broadway, 46th Floor
New York, NY 10005
Attorneys for Defendant
 Velocity Express

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TREVOR VELU** | Civil Action No. CV-06-6531 (JWS) |
| Plaintiff, | |
| -vs- | |
| **VELOCITY EXPRESS, INC.,** | **STIPULATION**<br>**AND PROTECTIVE ORDER** |
| Defendant. | |

It appearing that plaintiff Trevor Velu and defendant Velocity Express, Inc. ("Velocity"), by and through their undersigned counsel, have agreed and stipulated to the terms contained in this Stipulation and Protective Order,

IT IS on this _____ day of _____, 2007, hereby **ORDERED:**

1. That any party to this action or other person who produces or supplies information, documents or other tangible items for use in this action in the course of discovery (hereinafter the "designating party" or the "producing party") may designate as "Confidential" any such material that it reasonably and in good faith believes constitutes or contains true confidential information or trade secret material; provided, however, documents that have been or are hereafter produced in other litigation; and that either are not designated as confidential in that litigation or that otherwise are not subject to restrictions on use or disclosure in that litigation, may not be designated as confidential in this action; and it is further

1

2.   That any party may, at any time after production of material designated as confidential, object to its designation by notifying the designating party in writing of that objection and specifying the designated material to which the objection is made. The parties shall, within ten (10) days of service of the written objections, confer concerning the objection. If the objection is not resolved, the party designating the material as confidential shall, within five (5) days of the conference, file and serve a noticed motion to resolve the dispute over the designation of the material, and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will cease to be subject to the protection of this Order. Further, documents determined not to be confidential by reason of such ruling, cease to be subject to the protection of this Order. The designating party shall, at its expense, provide additional copies to each party who so requests without the stamped designation ' confidential" of any material which ceases to be subject to the protection of this order either by operation of the foregoing provisions or by order of the court.

3.   That any such documents designated as "Confidential" and shall only be made available to Qualified Persons.  As used herein, "Qualified Persons" means persons actively involved in the preparation for trial, trial or settlement of this case, including members of such persons' staff (e.g., paralegals, legal secretaries, law clerks, and shorthand reporters).  Prior to disclosure of Confidential Information to any such qualified person, such person shall have read this order and shall have agreed to be bound by its terms. Unless otherwise permitted by the terms of this order, or by further order of this Court, qualified persons shall maintain Confidential Information in confidence, shall not reveal confidential information to anyone other than qualified persons and shall not use confidential information, except in connection with the trial or preparation for the trial in this action; and

4. That persons other than Qualified Persons may be allowed to review Confidential Information if, at least ten (10) days prior to such review, Defendant's counsel first identifies the person to whom counsel desires to disclose the Confidential Information and obtains the written consent of Plaintiff's counsel. If the person to whom Defendant's counsel desires to disclose Confidential Information is an expert who has been retained or specially employed in anticipation of litigation or preparation for trial, who is not expected to be called as a witness at trial and whose identity is not subject to disclosure in accordance with the Federal Rules of Civil Procedure, then Defendant's counsel shall apply to the Court, by motion, for leave to do so. No disclosure of Confidential Information to any such expert shall be made unless such application is granted by the Court. All persons, other than Qualified Persons, to whom Confidential Information is to be given, shown, made available or communicated, shall execute a statement in the following form:

<u>STATEMENT</u>

I acknowledge that I have received a copy of the Protective Order dated _____, 2007, in Trevor Velu v. Velocity Express, Inc., Civil Action Number CV-06-6531 (JWS), that I have read such Order and that I understand and agree to abide by the terms of such Order.

I understand further that under the terms of the Protective Order, I must maintain Confidential Information in confidence, may not reveal Confidential Information to anyone other than qualified persons, and may not use any such Confidential Information for any purpose, including, but not limited to, any business purpose.

I understand that if I violate any terms of the Protective Order, I may be subject to sanctions by this Court.

Date: _____    _____

Name:

It shall be the responsibility of Defendant's counsel to secure, prior to disclosing Confidential Information, such an executed statement from the person to whom disclosure is to be made, and to serve the original of such executed statement upon Plaintiff's counsel no fewer than five (5) days before any such disclosure is made; and

5.   That if, during the course of any deposition or trial in this matter, Plaintiff's counsel asserts that a question propounded to the deponent or witness is based upon or derived from Confidential Information, or that the deponent's or trial witnesses' answer to a question should be treated as confidential, said question and answer shall be sealed and subject to disclosure only under the terms and provisions of this Order; and

6.   That when Confidential Information is contained or incorporated in a deposition or trial transcript, arrangements shall be made with the reporter to bind the confidential portions of the transcript separately and label it: "CONFIDENTIAL".  All copies of such confidential materials shall be kept and disseminated only in accordance with the terms of this Order; and

7.   That any deponent or trial witness present where Confidential Information is used or disseminated shall be required to execute the statement referenced above, unless such deponent or trial witness has already executed such statement.  The deponent or trial witness shall not be permitted to remove from the place of deposition, hearing or trial copies of any documents labeled "CONFIDENTIAL"; and

8.   That in the event that any deponent refuses to execute the required statement, the examination may nevertheless continue, and Confidential Information may be employed in connection therewith.  The deponent, however, shall be provided with a copy of this Order, and shall be advised on the record that sanctions may be imposed by this Court for the refusal to execute the statement; and

9.   That no person shall attend those portions of any deposition or trial at which Confidential Information is utilized or in which the examination is based upon Confidential Information, unless such person has been authorized to receive disclosure of Confidential Information pursuant to the terms of this Order; and

10.  That Confidential Information may be filed with or presented to the Court, or may be included in, attached to, or discussed in pleadings, motions, briefs, memoranda or other papers filed with the Court.  All documents containing Confidential Information which are filed in the action shall be filed under seal and marked with the word "CONFIDENTIAL" and a statement substantially in the following form:

> THIS DOCUMENT IS CONFIDENTIAL AND RESTRICTED FROM DISCLOSURE PURSUANT TO ORDER OF THE COURT IN TREVOR VELU V. VELOCITY EXPRESS, INC., CIVIL ACTION NUMBER CV-06-6531 (JWS), AND CONTAINS INFORMATION WHICH IS NOT TO BE REVIEWED OR DISPLAYED EXCEPT BY ORDER OF THE COURT.

The Clerk of the Court shall establish a separate file for documents containing Confidential Information, which file shall not be removed without further order of the Court except by Qualified Persons who shall return such document to the Clerk of the Court; and

11.  That all documents containing Confidential Information shall be maintained in the custody of counsel for the parties, and no partial or complete copies thereof shall be retained by anyone else at any location other than the principal offices of such counsel.  Upon final determination of this entire action, whether by judgment, settlement or otherwise, and including any appeal from a final judgment, any Confidential Information or documents, or copies thereof, and any summaries or extracts thereof, shall be returned to Plaintiff.  If Defendant's counsel contends that summaries or extracts of Confidential Information or documents constitute, contain or are contained in, materials which are the work product of counsel, then such materials need not be returned, but counsel shall file with the Court a certification that all such materials, and any copies thereof, have been destroyed; and

12.  That nothing contained in this Order shall prevent or in any way limit or impair the right of counsel to disclose Confidential Information, if required by applicable federal, state or local statute, rule, regulation, ordinance or any other law, or as

otherwise required by law.  In the event of such disclosure, the Defendant's counsel shall give notice to Plaintiff's counsel of such disclosure.

_____

Hon. William D. Wall, U.S.M.J.

Consented to and approved for entry by:

LA REDDOLA, LESTER & ASSOCIATES, LLP
Attorneys for Defendant

Dated:  October _____, 2007            By: _____
                                            Robert J. La Reddola

BUDD LARNER, PC
  Attorneys for Defendant

Dated:  October _____, 2007            By: _____
                                            J. Brooke Hern

6

# EXHIBIT C

### J. Brooke Hern - RE: Velu v. Velocity Express

| | |
|---|---|
| **From:** | "Amol N. Christian" <anc@llalawfirm.com> |
| **To:** | "J. Brooke Hern" <bhern@budd-larner.com>, "Robert J. La Reddola" <rjl@llalawfirm.com> |
| **Date:** | 10/24/2007 5:05 PM |
| **Subject:** | RE: Velu v. Velocity Express |
| **CC:** | "Steven M. Lester" <sml@llalawfirm.com> |

Dear Mr. Hern:

We have reviewed your proposed Stipulation and Protective Order. Initially, note that Velocity Express's responses pursuant to automatic disclosure have been pending for months. Your request to have a protective order in this lawsuit is at best premature and must be denied absent identification of any such materials that would qualify as "confidential". If you identify such documents we will further consider your request.

Amol N. Christian, Esq.

**From:** J. Brooke Hern [mailto:bhern@budd-larner.com]
**Sent:** Wednesday, October 24, 2007 10:49 AM
**To:** Amol N. Christian; Robert J. La Reddola
**Subject:** Velu v. Velocity Express

Gentlemen,

I have not received a response from you concerning my email messages dated October 17, 2007 and October 22, 2007. Please contact me at your earliest convenience concerning the proposed Stipulation and Protective Order, so that we may proceed with our production of documents in this litigation.

This communication was sent by:

J. Brooke Hern
Attorney at Law
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-2703
Direct Tel. (973) 315-4525
Main Fax (973) 379-7734

Other Offices:
140 Broadway
46th Floor
New York, NY 10005

2 Penn Center Plaza
Suite 200 15th & Market Streets

**J. Brooke Hern - RE: Velu v. Velocity Express**

---

| | |
|---|---|
| **From:** | "Amol N. Christian" <anc@llalawfirm.com> |
| **To:** | "J. Brooke Hern" <bhern@budd-larner.com> |
| **Date:** | 11/1/2007 12:28 PM |
| **Subject:** | RE: Velu v. Velocity Express |
| **CC:** | "Robert J. La Reddola" <rjl@llalawfirm.com>, "Steven M. Lester" <sml@llalawfirm.com> |

---

Dear Mr. Hern:

Please be advised that this firm does not accept service of legal papers through electronic mail transmissions, as such your Notice of Deposition attached in .pdf format is rejected. Furthermore, a stipulation and protective order is unwarranted in this instance and as such we cannot execute your proposed stipulation. We look forward to proceeding with discovery.

Best wishes,

Amol N. Christian, Esq.

---

**From:** J. Brooke Hern [mailto:bhern@budd-larner.com]
**Sent:** Friday, October 26, 2007 4:48 PM
**To:** Robert J. La Reddola
**Cc:** Amol N. Christian
**Subject:** Velu v. Velocity Express


Mr. La Reddola,

Attached is a Notice of Deposition to take the testimony of your client, Trevor Velu. An original notice is forthcoming by First Class Mail.

This communication was sent by:

J. Brooke Hern
Attorney at Law
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-2703
Direct Tel. (973) 315-4525
Main Fax (973) 379-7734

Other Offices:
140 Broadway
46th Floor
New York, NY 10005

2 Penn Center Plaza
Suite 200 15th & Market Streets
Philadelphia, PA 19102

## J. Brooke Hern - RE: Vele v. Velocity Express

| | |
|---|---|
| **From:** | "Robert J. La Reddola" <rjl@llalawfirm.com> |
| **To:** | "J. Brooke Hern" <bhern@budd-larner.com> |
| **Date:** | 11/27/2007 6:18 PM |
| **Subject:** | RE: Vele v. Velocity Express |

J. Brooke Hern

Please see comments below. You continue to waste time by misquoting and mischaracterizing events. Nothing in your E mail addresses the information which we will require you to produce before we discuss this case further. We are entitled to all of the information we sought thus far, without any confidentiality agreement. Thus far, we still see no reason for your alleged claim of confidentiality. We have already made our letter application. You continue to threaten to make a motion without conforming to the rules for claiming protection of confidential documents. You merely are wasting the court's time and your client's money. You may make a motion or respond as you so determine, but please do something.

Robert J. La Reddola

---

**From:** J. Brooke Hern [mailto:bhern@budd-larner.com]
**Sent:** Tuesday, November 27, 2007 3:38 PM
**To:** Robert J. La Reddola
**Subject:** Vele v. Velocity Express

Robert,

I have located your discovery requests dated November 1, 2007. [RJL: Reply: Great!]. In accordance with Rule 34, Velocity Express must serve a written response to your requests for the production of documents within 30 days of service of the request. This shall be done. However, I'm a bit confused by your earlier email suggesting that responses are overdue, since your requests are dated November 1st. [RJL: Reply: Please reread E mail. Your responses are due in two days.]

In addition, since you refuse to accept January 15th or any other date for deposing a Rule 30(b)(6) witness designated by Velocity Express, you have made it impossible for Velocity Express to comply with your Notice to Take Deposition Upon Oral Examination. Therefore, we again offer January 15th as a deposition date. Of course, we will not bother to appear unless and until you indicate that you will actually take a deposition at the appointed time and place. [RJL: Reply: We will review your responses to our discovery requests and address this issue thereafter. I still see no references to billing, rates or route information].

Finally, I've attached PDF copies of documents that we have determined may be produced without a stipulation and protective order. Originals will be sent by First Class Mail. The documents include bates ranges from "VELO 36" through "Velo 145" with the following withheld pending a decision on our motion for a protective order. The withheld documents are bates numbered as follows: "Velo 46", "Velo 63", "Velo 73", "Velo 88", "Velo 104", "Velo 106 through 122", "Velo 124 through 125", "Velo 127 through 139", "Velo 140 through 141", and "Velo 144". [RJL: Reply: Please properly identify withheld documents.]

In light of your refusal to enter into the stipulation and protective order, and in light of the fact that certain of the confidential documents were generated by your client [RJL Reply: What?] , I wish to make certain that you

have carefully read Section 17 of the Independent Contractor Agreement, to which your client is bound.  [RJL Reply: Is this a new reason not to produce documents? If not, we will disregard. If yes, it is not a valid reason to withhold document production.] Therein, your client expressly agreed to safeguard and not disclose the confidential information of Velocity Express, and he expressly agreed that confidential information includes customer names, prices charged and paid and other information and data.  Clearly, your client is already legally bound to keep documents containing such information confidential.  For your convenience, I direct you to the attached document marked "Velo 40", which includes the confidentiality provision.  On this basis, I again request that you enter into the proposed stipulation and confidentiality agreement.  [RJL Reply: Our letter motion stands. This has nothing to do with your document production. Your request is again refused.]

In addition, although your client may properly generate documents [RJL: Reply: What are you talking about? This case will be determined by your rates, charges and routes. Trevor's estimates or offers to compromise will likely not even be admissible. Are you claiming Trevor Velu's letters to you to be confidential?] including such information for the purpose of communicating with Velocity Express, he is contractually bound to keep protect those documents from disclosure to other parties.  Disclosure of such documents and the information contained therein would constitute a breach of contract by your client.  Be guided accordingly. [RJL: Please respond to automatic disclosure and discovery requests.]

This communication was sent by:

J. Brooke Hern
Attorney at Law
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey  07078-2703
Direct Tel. (973) 315-4525
Main Fax (973) 379-7734

Other Offices:
140 Broadway
46th Floor
New York, NY 10005

2 Penn Center Plaza
Suite 200 15th & Market Streets
Philadelphia, PA 19102

1939 Route 70 East,
Suite 100
Cherry Hill, NJ 08003

For more information, visit www.BuddLarner.com

THE INFORMATION CONTAINED IN THIS EMAIL COMMUNICATION IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT NAMED ABOVE. This message may be an Attorney-Client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please destroy this transmission and notify us immediately by telephone and/or reply email. IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matters addressed herein.

## J. Brooke Hern - RE: Velu v. Velocity

| | |
|---|---|
| **From:** | "Robert J. La Reddola" <rjl@llalawfirm.com> |
| **To:** | "J. Brooke Hern" <bhern@budd-larner.com> |
| **Date:** | 11/26/2007 6:10 PM |
| **Subject:** | RE: Velu v. Velocity |

J.Brooke:

You have received our letter motion and are aware of our position. We look forward to reviewing the portion of the documents you will produce, but in no way accept your position. We also look forward to your motion as it will hopefully for the first time identify what exactly you are seeking to protect as confidential. I have informed you twice now that Mr. Velu will not be appearing on December 19, 2007 since you failed to produce any documents under the automatic disclosure requirements or our discovery demands.   No other examination dates will be discussed until we have our documents. Please identify which is your proper address. Your E mail lists several mailing addresses. I ask this because we have had no reply to our discovery demands served at the Short Hills address. Perhaps this will also be a part of your motion.

Thank you.

RJL

**From:** J. Brooke Hern [mailto:bhern@budd-larner.com]
**Sent:** Monday, November 26, 2007 6:01 PM
**To:** Robert J. La Reddola
**Subject:** Velu v. Velocity

Mr. La Reddola,

Previously, you indicated that you would be sending a written discovery demand. I have not yet received it. Was it sent?

Also, upon further review, my client does not have confidentiality concerns with respect to a portion of the documents. I will send them to you tomorrow. However, the remaining documents are confidential, and will be part of our motion this week.

In addition, we do expect your client to appear for a deposition on December 19th, since you confirmed his availability. The Rules do not permit you to prevent him from testifying in retaliation for your disagreement over a discovery issue. This will also be part of our motion.

Finally, I can produce a witness for Velocity Express on January 15th. Please confirm.

This communication was sent by:

J. Brooke Hern
Attorney at Law

# EXHIBIT D

J. Brooke Hern (JBH-2843)
**BUDD LARNER PC**
140 Broadway, 46th Floor
New York, NY 10005
Attorneys for Defendant
Velocity Express, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR VELU | Civil Action No. CV-06-6531 (JWS) |
| Plaintiff, | |
| -vs- | |
| VELOCITY EXPRESS, INC., | **FIRST AMENDED**<br>**NOTICE TO TAKE DEPOSITION**<br>**OF PLAINTIFF TREVOR VELU** |
| Defendant. | |

TO:   **ROBERT J. LA REDDOLA, ESQ.**
      La Reddola, Lester & Associates, LLP
      600 Old Country Road, Suite 224
      Garden City, New York 11530

**DEAR SIR:**

       **PLEASE TAKE NOTICE** that in accordance with Rule 30 of the Federal Rules of

Civil Procedure, the testimony of plaintiff Trevor Velu will be taken on Friday, November 9, 2007,

and shall be taken upon oral examination, and recorded by videotape, with audio recording, before

a person authorized by the laws of the State of New York to administer oaths, commencing at

10:00 a.m. at the offices of Budd Larner, PC, 140 Broadway, 46th Floor, New York, New York.

       **BUDD LARNER, PC**

       By: _____
            J. Brooke Hern
            Date: November 1, 2007

<u>CERTIFICATE OF SERVICE</u>

I certify that on this 1ST day of November, 2007 defendant's First Amended Notice to Take the Deposition of Plaintiff Trevor Velu was placed for service by overnight delivery by Federal Express upon the following counsel of record:

**ROBERT J. LA REDDOLA, ESQ.**
La Reddola, Lester & Associates, LLP
600 Old Country Road, Suite 224
Garden City, New York 11530

By: _____
J. Brooke Hern

# EXHIBIT E

# La Reddola, Lester & Associates, LLP

600 Old Country Road, Suite 224
Garden City, New York 11530

Telephone (516) 357-0056 & (516) 745-1951
Facsimile (516) 357-0069
E-Mail rjl@llalawfirm.com
www.llalawfirm.com

Steven M. Lester
Robert J. La Reddola +

Amol N. Christian ◆
Sarah M. Ziolkowski +

+Also Admitted in CT
◆Also Admitted in NJ

Of Counsel:

Santo Golino +
Hollis B. Deleonardo
Brian W. Shaw

# FAX COVER SHEET

| Date: | November 5, 2007 |
|---|---|
| Time: | 4:45 p.m. |
| To: | J. Brooke Hern, Esq.<br>Budd Larner, PC |
| Fax Number: | (973) 379-7734 |
| From: | Robert J. La Reddola, Esq. |
| Number of Pages:<br>(including cover) | 3 |
| Message:<br>Please see the enclosed. | |
| Original of this<br>document is being: | O Forwarded by Regular Mail<br><br>O Retained in Our File<br><br>O Forwarded by Next Day Delivery |

THIS IS A FACSIMILE TRANSMISSION FROM La REDDOLA, LESTER & ASSOCIATES, LLP AND CONTAINS
INFORMATION WHICH MAY BE CONFIDENTIAL AND/OR LEGALLY PRIVILEGED AND IS INTENDED ONLY
FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ON THIS COVER SHEET. IF YOU ARE NOT THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION
OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS FACSIMILE TRANSMISSION
IS STRICTLY PROHIBITED, AND THAT THIS TRANSMISSION SHOULD BE RETURNED TO THIS FIRM
IMMEDIATELY. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US BY
TELEPHONE IMMEDIATELY AT (516) 357-0056 OR (516) 745-1951, SO THAT WE MAY ARRANGE FOR THE
RETURN OF THE ORIGINAL TO US AT NO COST TO YOU.

# La Reddola, Lester & Associates, LLP
600 Old Country Road, Suite 224
Garden City, New York 11530

Telephone (516) 357-0056 & (516) 745-1951
Facsimile (516) 357-0069
E-Mail rjl@llalawfirm.com

Steven M. Lester
Robert J. La Reddola +

Amol N. Christian ◆
Sarah M. Ziolkowski +

+Also Admitted in CT
◆Also Admitted in NJ

Of Counsel:

Santo Golino +
Hollis B. Deleonardo
Brian W. Shaw

## *Via Facsimile (973) 379-7734 and First Class Mail*

November 5, 2007

J. Brooke Hern, Esq.
Budd Larner, PC
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-2703

**RE:   Trevor Velu v. Velocity Express**
      **Index No. CV-06-6531 (E.D.N.Y.)**

Dear Mr. Hern:

We are in receipt of your Amended Notice to Take Deposition noticing November 9, 2007 at 10:00 a.m. to take the deposition of Mr. Velu. Unfortunately, my client, Trevor Velu, is recovering from a medical procedure and will not be available at that time.

We will be serving, via U. S. Mail, discovery demands and a Notice to Take Deposition Upon Oral Examination upon your office today. We believe that depositions can be concluded in one day and, therefore, it is in the best interests of all parties to take the deposition of both parties on one day.

Thus, we have noticed the date of December 19, 2007 to take your client's deposition. Please advise if December 19, 2007 is acceptable.

However, we will not be able to take the deposition of your client without document productions. We have waited months, while you indicated you were going to be admitted to the Court *pro hac vice*, and then you further promised that rather than scheduling an inspection to view the documents, you were going to send us the documents in late September. Instead, you later reneged and asked for a confidentiality agreement. No reason exists for this agreement. Please advise us by Wednesday, November 7, 2007 when we can expect the documents.  We have dealt with no less than three attorneys on this matter, all of whom have indicated that documents would be forthcoming. We refer you to Magistrate Wall's, June 5, 2007 scheduling order for further guidance on discovery.

## La Reddola, Lester & Associates, LLP

J. Brooke Hern, Esq.
Budd Larner, P.C.
November 5, 2007
Page 2

If we do not get a positive reply, we have no choice but to contact the Court to compel your compliance.

Should you have any questions, please do not hesitate to contact our office.

Very truly yours,

Robert J. La Reddola
RJL:ker

cc:   Amol N. Christian, Esq.
      Trevor Velu

A:/velu/buddlarnerletter11507

EXHIBIT F

**BUDD LARNER**

A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com



E-MAIL:BHERN@BUDD-LARNER.COM
DIRECT DIAL: (973) 315-4525

November 6, 2007

**By Email PDF and First Class Mail**

Robert J. La Reddola, Esq.
La Reddola, Lester & Associates, LLP
600 Old Country Road, Suite 224
Garden City, NY 11530

Re:    **Trevor Velu v. Velocity Express, Inc. CV-06-6531 (JWS)**

Dear Mr. La Reddola,

Responding to your letter dated November 5, 2007, defendant Velocity Express, Inc. ("VEI") hereby disputes and denies each and every allegation and mischaracterization of fact contained therein.  More specifically, VEI has made good faith efforts to proceed with discovery.  Discovery is impeded only by your own decision to unreasonably withhold consent to a standard protective order that is necessary to protect proprietary, confidential information concerning the business affairs of VEI.

Moreover, your unwillingness to stipulate to entry of a protective order suggests that you intend to use VEI's documents for purposes outside of this litigation.  At present, you can anticipate receiving notice of VEI's motion for the court to enter a protective order in this matter, thereby clearing the way for VEI's production of documents.

With respect to the deposition of Trevor Velu, please be advised that December 19, 2007 is acceptable.  However, the Federal Rules of Civil Procedure require that Mr. Velu provide a full day of testimony, and VEI declines to waive plaintiff's obligation.  Thus, it will not be possible to conduct any other depositions on that day.  Based upon your assurance concerning his availability, Mr. Velu's deposition will commence at 10 a.m. on Wednesday, December 19, 2007 at the offices of Budd Larner, PC, 140 Broadway, 46th Floor, New York, New York.

**BUDD LARNER**
A PROFESSIONAL CORPORATION

Robert J. La Reddola, Esq.                                      November 6, 2006
Page 2

      Finally, this firm has not received any notice of deposition from your office. Accordingly, I am unable to respond to such discovery demand at this time.

Sincerely,

J. Brooke Hern

JBH/bm

658001

EXHIBIT G

# La Reddola, Lester & Associates, LLP
### 600 Old Country Road, Suite 224
### Garden City, New York 11530

Telephone (516) 357-0056 & (516) 745-1951
Facsimile (516) 357-0069
E-Mail rjl@llalawfirm.com

Steven M. Lester
Robert J. La Reddola +

Amol N. Christian ♦
Sarah M. Ziolkowski +

+Also Admitted in CT
♦Also Admitted in NJ

Of Counsel:

Santo Golino +
Hollis B. Deleonardo
Brian W. Shaw

### _Via Facsimile (973) 379-7734 and First Class Mail_

November 8, 2007

J. Brooke Hern, Esq.
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078

**RE:    Velu v. Velocity Express, Inc.**
**Case No. CV-06 6531 (U.S.D.C.,Eastern District of New York)**

Dear Mr. Hern:

In response to your letter dated November 6, 2007, there are several issues that need elaboration. Your assessment that this office has impeded discovery by our decision to "unreasonably withhold consent to a standard protective order" is absurd.  In fact, it appears the impediment to discovery lies squarely with your office, as numerous attorneys, including yourself, have represented that discovery documents would be forthcoming, when in fact this never occurred.  Furthermore, you have never identified any reason why a protective order is warranted in this action, despite our request that you do so.  You have merely alleged simple self-serving conclusions such as the discovery materials contain "proprietary, confidential" information.

Under Federal Rule of Civil Procedure Rule 26(a)(c), entitled "Protective Orders", a party must allege "that a trade secret or other confidential record, development or commerce information not be revealed or be revealed only in a designated way," in order to qualify for a protective order.

To date, you have only applied this request to the automatic disclosure required under Rule 26(a)(1) Initial Disclosures, which you describe as "documents relating to the independent contractor relationship and settlement".

La Reddola, Lester & Associates, LLP

*J. Brooke Hern, Esq.*
*November 8, 2007*
*Page 2*

As your initial disclosures are woefully inadequate, we shall await, and insist upon, your production of all initial disclosure, including disclosure pursuant to F.R.C.P. Rule 26(a)(1)(B):

> "(B) a copy of, or a description by category and location
> of, all documents, electronically stored information,
> and tangible things that are in the possession, custody,
> or control of the party and that the disclosing party may
> use to support its claims or defenses, unless solely for
> impeachment."

Furthermore, there have been multiple representations that discovery by your office would be forthcoming, which was disingenuous at best. Specifically, on at least one occasion you indicated that discovery documents would be sent and on other instances, Mr. Averim Stavsky, Esq. and Mr. Michael Rosenbaum, Esq. have indicated that discovery would be forthcoming. At no time then prior to the last three weeks has there been a mention of a protective order.

In the meantime, we will not present our client for an oral deposition before all paper discovery has been completed. Once all paper discovery is complete, we would be able to appropriately counsel our client and it would also preclude the necessity of having to do further depositions. To seek a protective order, you must have made a good faith effort to resolve the issues prior thereto. We cannot imagine your letters to date meet this even minimal requirement.

If you are attempting to couch the Velocity Express's documents as "proprietary and confidential" in an effort to preclude the Plaintiff from offering them at the ultimate trial, your efforts will be unsuccessful. Note that if this information is not forthcoming, we will have no other avenue other than to subpoena Velocity Express's clients requesting that they produce invoices, as well as payments made to Velocity Express.

Be guided accordingly.

Very truly yours,

Robert J. La Reddola
RJL:ker

cc:   Amol N. Christian, Esq.
      Trevor Velu

A:/velu/buddlarnerletter11807